UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RYAN GALLADORA                                         CIVIL ACTION

VERSUS                                                 16-1618

WAFFLE HOUSE, INC., ET AL.                             SECTION: "H"(4)

### ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 4). For the following reasons the Motion is **DENIED**.

### BACKGROUND

On January 8, 2016 Plaintiff Ryan Galladora, Jr. filed a Petition for Damages in the Twenty Twenty-First Judicial District Court for the Parish of Tangipahoa naming Waffle House, Inc. and Romello James as defendants. Plaintiff alleges that he was cut with a kitchen knife by Defendant James and that James was employed by Waffle House.  In his petition Plaintiff alleges that he and Defendant James are both citizens of Louisiana.  On February 26, 2016, Defendant Waffle House file a Notice of Removal, alleging Diversity of Citizenship.  Plaintiff filed this Motion to Remand.  For the following reasons, the Motion is DENIED.

1

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] Removal statues should be strictly construed, and any doubt should be resolved in favor of remand.[4]

Defendants argue that this case falls within the Court's diversity jurisdiction. The general rule regarding diversity jurisdiction is that "no party on one side may be a citizen of the same State as any party on the other side."[5] Citizenship of a natural person, for the purpose of determining diversity, means domicile.[6] A person's domicile is the place of "his true, fixed and permanent home."[7]

## LAW & ANALYSIS

The citizenship of Plaintiff and Defendant Waffle House are not in dispute, nor is the amount in controversy. Accordingly, the sole issue before the Court in this Motion is the citizenship of Defendant Romello James. Defendants argue that he is a citizen of Mississippi, and present three affidavits and supporting evidence in support of their contention. This evidence includes (1) business records in the form of a W-2 and payroll documents, identified and authenticated by the Affidavit of Terra Tanner,

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] *Id.*
[5] *MAS v. Perry* 489 F.2d 1396, 1399 (5th Cir. 1974).
[6] *Id.*
[7] *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

2

indicating that Romello James worked in and had a mailing address in Mississippi; and (2) affidavit testimony by Christopher Williams and Dena Sullivan stating that Romello James intended to move to and remain in Mississippi. Plaintiff argues that the payroll documents and the Affidavit of Christopher Williams are hearsay, and should not be admitted as evidence. This Court disagrees. The W-2 records are admissible pursuant to the business records exception,[8] and the affidavit testimony of Williams and Sullivan is admissible under the exception for statements regarding a declarant's then-existing state of mind.[9]

Defendants argue that this evidence is sufficient to establish that Romello James is domiciled in Mississippi. A person's domicile is the place of "his true, fixed and permanent home."[10] When a person relocates, "there is a presumption of continuing domicile."[11] To defeat this presumption, the proponent of a change in domicile must demonstrate both "(1) physical presence at the new location, and (2) an intention to remain there indefinitely."[12] However, "there is no durational residency requirement," and domicile is established "once presence in the new state and intent to remain are met."[13] In determining intent, "[n]o single factor is determinative," and "the court should look to all evidence shedding light on the litigant's intention to establish domicile," including, "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[14]

---

[8] Fed. Rules Evid. R. 803(6).
[9] Fed. Rules Evid. R. 803(3).
[10] *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).
[11] *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).
[12] *Id.* at 250.
[13] *Acrdige v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).
[14] *Coury*, 85 F.3d at 251.

This Court is satisfied that Defendants have presented sufficient evidence to establish that Romello James is domiciled in Mississippi. Specifically, they have submitted testimony that he retained a mailing address in Mississippi, that he worked in Mississippi, and that he had a cell phone number with a Mississippi area code. They have also introduced testimony indicating that Romello James intended to move to and remain in Mississippi. Plaintiff has provided no evidence to rebut this testimony other than the self-serving allegations of his petition. Accordingly, there is complete diversity among the parties, as Romello James was domiciled in Mississippi at the time the petition was filed and at the time removal occurred

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 4) is **DENIED**.

New Orleans, Louisiana this 6th day of June, 2016

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**